IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CEDRIC K. KAHUE, | CIVIL NO. 10-00001 LEK-KSC |
| Plaintiff, | |
| vs. | |
| PACIFIC ENVIRONMENTAL CORPORATION, ET AL., | |
| Defendant. | |

**ORDER DENYING DEFENDANTS'
MOTION FOR RECONSIDERATION/CLARIFICATION**

On November 29, 2011, this Court issued its Order granting in part and denying in part Defendants Pacific Environmental Corporation, M/V PENCO 1, and M/V PENCO 2's (collectively "Defendants" or "PENCO") Motion for Summary Judgment, filed on July 19, 2011 ("Order").  On December 7, 2011, PENCO filed a motion seeking reconsideration of the Order ("Motion").  Plaintiff Cedric Kahue ("Plaintiff" or "Kahue") filed his memorandum in opposition to the Motion on December 27, 2011, and PENCO filed its reply on January 13, 2012.  The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY DENIED for the reasons

set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. The Court therefore will only discuss the background that is relevant to the instant motion.

On January 1, 2010, Plaintiff filed a Complaint against Defendants, seeking recovery under the Jones Act, 46 U.S.C. § 30104, for injuries incurred while employed as a seaman by Defendants. He alleges that, on June 12, 2008, he was injured while preparing for a hazardous waste spill response when a large bale of rags from the second story of a PENCO building fell on his head. As a result, Plaintiff is a partial quadriplegic. [Complaint at ¶¶ 13-14.] Plaintiff alleges claims for: (1) negligence (Count I); (2) unseaworthiness (Count II); and (3) traditional maritime remedies, including maintenance, cure, found, and wages (Count III). [Id. at ¶¶ 17-30.]

Defendants moved for summary judgment on July 19, 2011, seeking judgment in their favor on all of Plaintiff's claims. The Order denied the motion, in part, because of genuine issues of material fact regarding whether Plaintiff was entitled to recover under the Jones Act as a seaman. In so ruling, the Court acknowledged Defendants' argument that:

> PENCO argues that a seaman injured on shore
> is only entitled to pursue seaman's remedies if he

>     was in the service of the vessel at the time of
>     his accident, which precludes Plaintiff from
>     recovering under the Jones Act here.  Further,
>     even if Plaintiff could prove seaman status, he
>     was not in the service of any vessel at the time
>     of the accident.  It is his service to the vessel,
>     not the mere fact of his employment, which
>     entitles a seaman to Jones Act protection when
>     injured on shore.

[Order at 16.]

## I.    **Defendants' Motion**

Defendants ask the Court to reconsider its Order and address the their argument that Plaintiff is not entitled to pursue seaman's remedies because he was not in the service of a vessel at the time of his injury.  [Mem. in Supp. at 2.]

## II.   **Plaintiff's Memorandum in Opposition**

In his memorandum in opposition, Plaintiff argues that the Court is not obligated to rule on every argument put forth by the parties, and, even if the Court did not explicitly rule on Defendants' argument, denial is implied in the denial of summary judgment.  [Mem. in Opp. at 2, 9-10.]  Plaintiff also argues that the Motion is frivolous and does not comply with the Local Rules. [Id. at 3-5.]

With respect to the merits of Defendants' underlying argument that Plaintiff was not the in service of a vessel at the time of his injury, he argues that courts reject such a "snapshot" test.  Further, even assuming *arguendo* that Plaintiff was working on a land-based job at the time of his injury, "it is

a material issue of fact whether he was still in service of a vessel or group of vessels[.]"  [Id. at 11-12.]

### III. **Defendants' Reply**

In their reply, Defendants maintain that, even if Plaintiff was a seaman, "the fact that he was not in the service of a vessel at the time of his injury precludes his recovery." [Reply at 2.]  With respect to the merits, Defendants argue that they are not attempting to "rehash old arguments," but that Plaintiff improperly cited new law for the first time in his memorandum in opposition.  [Id. at 3.]

### **DISCUSSION**

To the extent Defendants ask the Court to reconsider or clarify its Order, the Court treats Defendants' Motion as brought pursuant to Local Rule 60.1.  "[A] successful motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order: "(1) an

intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Id. "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

Defendants acknowledge that the Order recognized their argument that Plaintiff was not in the service of a vessel at the time of his injury. [Mem. in Supp. of Motion at 2.] To the extent Defendants argue that the Court did not explicitly rule on the merits of this assertion, or that the Court did not set forth a separate finding with respect to the argument, such finding is subsumed within the Court's ruling that "PENCO's Motion for Summary Judgment, filed on July 19, 2011 is HEREBY GRANTED IN PART and DENIED IN PART.  The Motion is GRANTED as to Plaintiff's Count II claim for unseaworthiness and **DENIED in all other respects.**" [Order at 45-46 (emphasis added).]  The Court, however, takes this opportunity to clarify that Defendants have

not met their burden on summary judgment with respect to the specific argument regarding whether Plaintiff was in the service of a vessel at the time of his injury, and the legal consequences thereof.  That is, viewing the facts in the light most favorable to the non-moving party, Defendants have not established that they are entitled to summary judgment on this point.

As the Court set forth in the Order, "[l]and-based maritime workers do not become seamen because they happen to be working on board a vessel when they are injured, and seamen do not lose Jones Act protection when the course of their service to a vessel takes them ashore."  [Id. at 33 (quoting Chandris, Inc. v. Latsis, 515 U.S. 347, 361 (1995) (some citations omitted)).]  That is, assuming *arguendo* for purposes of the instant Motion, that Plaintiff was a seaman, he does not lose Jones Act protection just because he was injured on land.  See, e.g., Sw. Marine, Inc. v. Gizoni, 502 U.S. 81, 89 (1991) ("It is not the employee's particular job that is determinative, but the employee's connection to a vessel."); Sologub v. City of New York, 202 F.3d 175, 180, (2d Cir. 2000) ("[Chandris] rejected a voyage test, which would rely principally on an interpretation that the Act was designed to protect maritime workers exposed to the hazards and perils that characterize work on vessels at sea and makes the activities at the time of injury controlling."); Shade v. Great Lakes Dredge & Dock Co., 154 F.3d 143, 147 (3d

Cir. 1998) ("In enunciating this difference, [Chandris] focused on the nature of the seaman's service, his status as a member of the vessel, and his relationship as such to the vessel and its operation in navigable waters, and not on the situs of injury[.]" (citation and quotation marks omitted)); Naquin v. Elevating Boats, LLC, Civil Action No. 10-4320, 2012 WL 10586, at *5 (E.D. La. Jan. 3, 2012) ("Seaman status is not a function of where the employee's injury occurred, the particular work being performed when the injury was sustained, or the injured employee's job title." (footnotes, citations, and quotation marks omitted)).

>  Moreover, as this district court has recognized:
>
>  Courts have applied a liberal interpretation to "in the service of the ship." **To be in the service of the ship, a seaman need be generally answerable to the call of duty, or in other words, in the course of employment.** . . . Braen v. Pfeifer Oil Transp. Co., 361 U.S. 129, 131 (1959) (holding that the meaning of the term 'course of employment' under the Jones Act is the equivalent of 'the service of the ship' formula used in maintenance and cure cases). "In general, a seaman is acting in the course of his employment when he is doing the work of his employer pursuant to his employer's orders." Park v. Alakanuk Native Corp., A90-305 CIV, 1994 WL 780707, at *6 (D. Alaska March 16, 1994) (citing Braen, 361 U.S. at 133); Baker v. Ocean Sys., Inc., 454 F.2d 379, 384 (5th Cir. 1972) ("it is clear as a matter of law that the seaman's answerability to the "call to duty" imports at the very least some binding obligations on the part of the seaman to serve.").

King v. Holo Holo Charters, Inc., No. CV 05-00666 DAE-KSC, 2007 WL 1430348, at *5 (D. Hawai'i May 10, 2007) (emphasis added) (some citations omitted).  The Court notes that the rule as

developed by the Supreme Court furthers the important goal of ensuring that a worker does "not oscillate back and forth between Jones Act coverage and other remedies depending on the activity in which the worker was engaged while injured." Chandris, 515 U.S. at 363.

The Court CONCLUDES that Defendant has not met its burden of demonstrating manifest errors of law and fact in the Order. Defendants' sincere disagreement with the Order is an insufficient basis for reconsideration. Accordingly, the Court finds no error in its denial of Defendants' motion for summary judgment.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Reconsideration/Clarification, filed on December 7, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 30, 2012.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CEDRIC KAHUE V. PACIFIC ENVIRONMENTAL CORPORATION, ET AL; CIVIL NO. 10-00001 LEK-KSC; ORDER**